**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **REMOTE LOCATOR SYSTEMS, LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>1. **LIFE360, INC.,**<br>2. **GLYMPSE, INC.,**<br>3. **GT MEDIA, LLC,**<br>4. **LOGSAT SOFTWARE LLC,**<br>5. **LOOKOUT INC.,**<br>6. **SOLLICO SOFTWARE CORPORATION,**<br>7. **ARIES APP, INC.,**<br><br>    **Defendants.** | **CIVIL ACTION NO. 2:13-cv-673**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action for patent infringement in which Remote Locator Systems LLC ("Remote Locator Systems") makes the following allegations against Life360, Inc., Glympse, Inc., GT Media, LLC, LogSat Software LLC, Lookout Inc., Sollico Software Corporation, and Aries App, Inc. (collectively, "Defendants"):

## PARTIES

1. Remote Locator Systems LLC is a limited liability company formed under the laws of the State of Texas with a principle place of business located in Plano, Texas, 75020.

2. Defendant Life360 Inc. ("Life360") is a corporation organized and existing under the laws of the State of Delaware with a principle place of business located at 78 1st Street #600, San Francisco, CA 94110. Life360 can be served via its registered agent for service of process: National Registered Agents Inc., 160 Greentree Dr. Suite 101, Dover, DE 19904.

3. Defendant Glympse Inc. ("Glympse") is a corporation organized and existing under the laws of the State of Washington with a principle place of business located at 1124 Harrison Street, Seattle, WA 98109. Glympse can be served via its registered agent for service of process: National Registered Agents Inc., 505 Union Ave SE STE 120, Olympia, WA 98501.

4. Defendant GT Media LLC ("GT Media") is a corporation organized and existing under the laws of the State of Texas with a principle place of business located at 3111 Arkansas Cir. Sherman, TX 75090. GT Media can be served via its registered agent for service of process: Brian Tannous, 3111 Arkansas Cir. Sherman, TX 75090.

5. Defendant LogSat Software LLC ("LogSat") is a corporation organized and existing under the laws of the State of Delaware with a principle place of business located at PMB #5856, 2711 Centerville Road, Suite 120, Wilmington, DE 19808. LogSat can be served via its registered agent for service of process: Corpamerica, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

6. Defendant Lookout Inc. ("Lookout") is a corporation organized and existing under the laws of the State of California with a principle place of business located at 1 Front Street, Suite 2700, San Francisco, CA 94111. Lookout can be served via its registered agent for service of process: Andriel Lares, 1 Front Street, Suite 2700, San Francisco, CA 94111.

7. Defendant Sollico Software Corporation ("Sollico") is a corporation organized and existing under the laws of the State of Delaware with a principle place of business located in Delaware. Sollico can be served via its registered agent for service of process: Harvard Business Services, Inc., 16192 Coastal Hwy, Lewes, DE 19958.

8. Defendant Aries App, Inc. ("Aries") is a corporation organized and existing under the laws of the State of Washington with a principle place of business located at 9222a Stone

Ave North Seattle, WA 98103. Aries can be served via its registered agent for service of process: Angke Chen, 9222a Stone Ave North Seattle, WA 98103.

## JURISDICTION AND VENUE

9.      This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284 - 85, among others. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

10.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Upon information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

11.     Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to each Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

12.     Joinder of the Defendants is proper pursuant to 35 U.S.C. § 299(a) at least because each Defendant's infringing products includes, complies with, and/or utilizes the iOS, android, or BlackBerry operating systems, and shares similar usage of the iOS SDK, android SDK, BlackBerry SDK, the practice of which by each Defendant necessarily results in infringement of the patent-in-suit.  In addition, questions of fact common to all of the Defendants will arise in the action at least because, upon information and belief, Defendants' infringing acts arise from their common acts of including, complying with and/or utilizing the iOS, android, or BlackBerry operating systems.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,326,978

13. On August 20, 1996, United States Patent No. 5,548,637 (the "'637 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Method and Apparatus for Locating Personnel and Objects in Response to Telephone Inquiries". A true and correct copy of the '637 patent is attached hereto as Exhibit A.

14. Remote Locator Systems is the owner of the '637 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '637 patent against infringers, and to collect damages for all relevant times.

15. Life360 directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Family Locator application for the iOS, Android and BlackBerry operating systems) that infringed one or more claims of the '637 patent.

16. Glympse directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Glympse application for the iOS, Android, BlackBerry, and Windows Mobile operating systems) that infringed one or more claims of the '637 patent.

17. GT Media directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its SeekDroid: Find My Phone application for the Android operating systems) that infringed one or more claims of the '637 patent.

18. LogSat directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including

at least its Family Tracker application for the iOS and Android operating systems) that infringed one or more claims of the '637 patent.

19.     Lookout directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Lookout Security & Antivirus application for the iOS and Android operating systems) that infringed one or more claims of the '637 patent.

20.     Sollico directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Footprints application for the iOS operating system) that infringed one or more claims of the '637 patent.

21.     Aries directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least its Aries Tracku Friend Finder application for the iOS and Android operating systems) that infringed one or more claims of the '637 patent.

## JURY DEMAND

Remote Locator Systems hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Remote Locator Systems requests that the Court find in its favor and against Defendants, and that the Court grant Remote Locator Systems the following relief:

a.      Judgment that one or more claims of the '637 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '637 patent;

  c. Judgment that Defendants account for and pay to Remote Locator Systems Technologies all damages and costs incurred by Remote Locator Systems Technologies, caused by Defendants' infringing activities and other conduct complained of herein;

  d. That Remote Locator Systems be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

  e. That this Court declare this an exceptional case and award Remote Locator Systems reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

  f. That Remote Locator Systems be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED: August 27, 2013.      Respectfully submitted,

               By: */s/ Austin Hansley*
               **AUSTIN HANSLEY P.L.L.C.**
               Austin Hansley
               Texas Bar No.: 24073081
               5050 Quorum Dr. Suite 700
               Dallas, Texas 75254
               Telephone: (469) 587-9776
               Facsimile: (855) 347-6329
               Email: Austin@TheTexasLawOffice.com
               www.TheTexasLawOffice.com
               **ATTORNEY FOR PLAINTIFF**
               **REMOTE LOCATOR SYSTEMS, LLC**